| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF DAKOTA | FIRST JUDICIAL DISTRICT |
| | Case Type: Civil/Other |

Eden Homeowners Association, Inc.,

    Plaintiff,

v.

American Family Mutual Insurance Company,

    Defendant.

File No. 19HA-CV-15-2766

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONFIRM APPRAISAL AWARD, FOR PRE-AWARD INTEREST, AND COSTS AND DISBURSEMENTS**

## INTRODUCTION

Plaintiff Eden Homeowners Association, Inc. ("Eden") and Defendant American Family Mutual Insurance Company ("American Family") participated in an appraisal hearing to resolve their dispute regarding the scope and value of a storm loss that damaged Eden's insureds buildings. The appraisal panel considered evidence and testimony presented by both parties, determined the value of the loss, and issued an appraisal award in the amount of $341,914.00.

Eden now respectfully asks the Court to: (1) confirm the appraisal award and enter judgment against American Family; (2) award it pre-award interest on the award pursuant to Minn. Stat. §549.09; and (3) award it costs and disbursements pursuant to Minn. Stat. §§ 549.02 and .04.

## DOCUMENTS COMPRISING THE RECORD

I.    Affidavit of Finn S. Jacobsen, Esq.

    Ex. 1    Eden's Insurance Policy with American Family;

    Ex. 2    Correspondence dated April 17, 2015 from Anthony T. Smith to American Family;

Ex. 3   Correspondence dated April 27, 2015 from American Family to Anthony T. Smith;

Ex. 4   Correspondence dated July 9, 2015 from American Family to Anthony T. Smith;

Ex. 5   Appraisal Award;

Ex. 6   Order Confirming Appraisal Award, dated January 17, 2013 in litigation entitled *Charleswood Ass'n v. Harleysville Ins. Co.*, Dakota Dist. Ct., No. 19HA-CV-10-7373.

Ex. 7   Order Confirming Appraisal Award dated October 15, 2014 in litigation entitled *Townhomes of Kensington Condominium Ass'n, Inc. v. Amer. Family Mut. Ins. Co.*, Dakota Cty. Dist. Ct., No. 19HA-CV-14-1883.

Ex. 8   Order Confirming Appraisal Award dated February 27, 2015, in litigation entitled *Featherstone Ridge Townhome Ass'n v. Amer. Family Mut. Ins. Co.*, Dakota Cty. Dist. Ct., No. 19HA-CV-14-2480.

Ex. 9   Order Confirming Appraisal Award dated March 12, 2014 in litigation entitled *Southcross Village Condominium Ass'n, Inc. v. Amer. Family Mut. Ins. Co.*, Dakota Cty. Dist. Ct., No. 19HA-CV-13-4822.

Ex. 10  Order Confirming Appraisal Award, dated October 10, 2013 in litigation entitled *Timberton Condominium Ass'n v. Mid-Century Ins. Co., a subsidiary of Farmers Ins. Group*, Henn. Cty. Dist. Ct., No. 27-CV-11-24814.

Ex. 11  Order Confirming Appraisal Award, dated April 29, 2014 in litigation entitled *Cottage Heights Ass'n v. Amer. Family Mut. Ins. Co.*, Stearns Cty. Dist. Ct., No. 73-CV-14-1150.

Ex. 12  Order Confirming Appraisal Award dated July 11, 2014 in litigation entitled *John A. Stauber and Kelly Leustek v. Amer. Family Mut. Ins. Co.*, St. Louis Cty. Dist. Ct., No. 69DU-13-2500.

Ex. 13  Order Confirming Appraisal Award dated Jan. 8, 2015, in litigation entitled *Halla Nursery, Inc. v. United Fire and Cas. Co.*, Carver Cty. Dist. Ct., No. 10-CV-13-59.

## **STATEMENT OF UNDISPUTED FACTS**

1.   Eden is a 27 building townhome association located in Eagan, Minnesota.  (*See Jacobsen Aff. Ex. 1)*. These buildings are hereinafter collectively referred to as the "Property."

2. At all times relevant hereto, American Family insured the Property under Policy No. 22XE662401. (*See Id.*).

3. On or around August 6, 2013, a severe hail and wind storm damaged the siding throughout the Property ("the Loss"). (*Jacobsen Aff. Exs. 2, 3*).

4. Eden immediately reported the Loss to American Family. American Family adjusted the Loss, but did not determined its value based on the cost to repair the damaged siding with comparable material and quality. (*Jacobsen Aff. Exs. 2, 4*).

5. Eden disagreed with American Family's valuation. Accordingly, it demanded an appraisal of the Loss. (*Jacobsen Aff. Ex. 2*).

6. Eden and American Family subsequently participated in an insurance appraisal on July 15, 2015. The appraisal panel heard evidence and testimony from both parties, and issued an appraisal award in favor of Eden. (*Jacobsen Aff. Ex. 5*).

7. The appraisal panel determined that the Replacement Cost Value ("RCV") of the Loss was $341,914.00. (*Jacobsen Aff. Ex. 5*).

8. To date, American Family has not paid the appraisal award (*Jacobsen Aff. ¶ 15*).

## ARGUMENT

**I.  THE COURT SHOULD CONFIRM THE JULY 15, 2015 APPRAISAL AWARD.**

Appraisal decisions are governed by Minnesota's arbitration statute. *QBE Insurance Corporation v. Twin Homes of French Ridge Homeowners Association*, 778 N.W.2d 393, 398 (Minn. Ct. App. 2010); *David A. Brooks Enters., Inc. v. First Sys. Agencies*, 370 N.W.2d 434, 435 (Minn. Ct. App. 1985).

Under Minnesota law, the Court shall, upon application of a party, confirm an appraisal award unless, within the time limits imposed, grounds are urged for vacating, modifying or correcting the award. Minn. Stat. § 572B.22. There are only five circumstances under Minnesota law in which the Court may vacate an arbitration award:

> (1) The award was procured by corruption, fraud or other undue means;
>
> (2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
>
> (3) The arbitrators exceeded their powers;
>
> (4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 572B.15, as to prejudice substantially the rights of a party; or
>
> (5) There was no arbitration agreement and the issue was not adversely determined in proceedings under section 572.09 and the party did not participate in the arbitration hearing without raising the objection.

Minn. Stat. § 572B.23.

Likewise, a Court may modify or correct an Award only if one or more of the following grounds exist:

> (1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
>
> (2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or
>
> (3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

Minn. Stat. § 572B.24.

4

There is no allegation that any of the grounds for vacation or correction of the appraisal award exist in this case.

**II.    EDEN IS ENTITLED TO PRE-AWARD INTEREST AS A MATTER OF LAW UNDER MINN. STAT. § 549.09.**

The plain and unambiguous language of Minnesota's interest statute, Minn. Stat. § 549.09, allows Eden to recover pre-award interest on the appraisal award.  *See* Minn. Stat. § 549.09, subd. 1(a) (post-award interest computed "from the time of the … award or report until judgment is finally entered"); *and* Minn. Stat. §549.09, subd. 1(b) (computation of "preaward, or prereport interest" from "the time of the commencement of the action or a demand for arbitration, or the time of a written notice of claim").

Minn. Stat. § 549.09 specifically identifies a handful of limited exceptions where the court cannot award pre-award interest.  In this regard, the statute states:

> Except as otherwise provided by contract or allowed by law, **preverdict, preaward, or prereport interest shall not be awarded on the following**:
>
> (1)   judgments, awards, or benefits in workers' compensation cases, but not including third-party actions;
>
> (2)   judgments or awards for future damages;
>
> (3)   punitive damages, fines, or other damages that are noncompensatory in nature;
>
> (4)   judgments or awards not in excess of the amount specified in section 491A.01; and
>
> (5)   that portion of any verdict, award, or report which is founded upon interest, or costs, disbursements, attorney fees, or other similar items added by the court or arbitrator.

Minn. Stat. §549.09, subd. 1(b) (emphasis added).

5

This list of statutory exceptions does not include appraisal awards. Where a statute enumerates the persons or things to be affected by its provisions, there is an implied exclusion of others. *Maytag Co. v. Comm'r of Taxation*, 218 Minn. 460, 463, 17 N.W.2d 37, 40 (1944) (citations omitted). The maxim operates conversely where the statute designates an exception, proviso, saving clause, or a negative so that the exclusion of one thing includes all others. *Maytag Co.*, 218 Minn. at 463-64, 17 N.W.2d at 40. In this case, the legislature has specifically identified the exceptions to the general rule allowing recovery of pre-award interest. Because appraisal awards are not specifically included in this narrow list of statutory exceptions, they are included within the scope of the pre-award interest statute.

Minnesota courts have consistently construed Minn. Stat. § 549.09 to allow an insured to recover pre-award interest on an appraisal award. The Minnesota Court of Appeals addressed this issue nearly thirty years ago in *David A. Brooks Enterprises, Inc. v. First Systems Agencies*, 370 N.W.2d 434, 436 (Minn. 1985). In that case, an appraisal panel issued an award that included pre-award interest. *Id.* at 435. The trial court found that the award was justified because the dispute has continued for over two years. *Id*. The trial court concluded that it "would be manifestly unfair to permit the insurance company to dispute a claim and leave the property owners the full burden of loss of the money until the award is approved." *Id.* at 435-36. The Court of Appeals agreed, and affirmed the award. *Id*. at 436.

The Dakota County District Court has addressed this exact issue and *consistently* found that an insurance companies must pay pre-award interest on appraisal awards. *See Charleswood Ass'n v. Harleysville Ins. Co.*, Dakota Dist. Ct., No. 19HA-CV-10-7373; *Townhomes of Kensington Condominium Ass'n, Inc. v. Amer. Family Mut. Ins. Co.*, Dakota Cty. Dist. Ct., No. 19HA-CV-14-

6

1883; *Featherstone Ridge Townhome Ass'n v. Amer. Family Mut. Ins. Co.*, Dakota Cty. Dist. Ct., No. 19HA-CV-14-2480; *Southcross Village Condominium Ass'n, Inc. v. Amer. Family Mut. Ins. Co.*, Dakota Cty. Dist. Ct., No. 19HA-CV-13-4822.

Moreover, Courts throughout the State have consistently awarded interest to policy holders on appraisal awards. In *Timberton Condominium Association v. Mid-Century Insurance Company, a subsidiary of Farmers Insurance Group*, State of Minnesota, County of Hennepin, Court File No. 27-CV-11-24814, Judge Philip D. Bush concluded that as a matter of public policy, the insured was entitled to pre-award interest:

> In this case, the time value of money is a factor because the loss suffered by the Association preceded reimbursement under the Policy by nearly three years. Also, as a general policy matter, not allowing pre-award interest in the case of an insurance appraisal would generate a windfall for the insurer and give the insurer an incentive to drag out the process since the time value of the money at issue would inure solely to the benefit of the insurer. Public policy thus favors pre-award interest in this case.

*Jacobsen Aff. Ex. 10.*

In Stearns County District Court, Judge Mary Mahler also addressed the issue of preaward interest on appraisals and held that:

> Because an appraisal award is not included in the statutory exceptions precluding preaward interest, Plaintiff is entitled to interest calculated at ten percent (10%) per annum on the judgment…..pursuant to Minnesota Statute §549.09, subd. 1(b).

*Jacobsen Aff. Ex. 11.*

St. Louis County District Court addressed the issue as well, and consistent with other Courts across the state, Judge Eric Hylden ruled that:

> The parties engaged in appraisal pursuant to Minn. Stat. § 65A.01, but Plaintiffs are seeking interest under § 549.09 . . . that statute

7

> clearly includes appraisal awards. The Court need not use any part of § 572B or § 65A to make its ruling.

*Jacobsen Aff. Ex. 12.*

Carver County District Court Judge Michael D. Wentzell also addressed this exact issue and using doctrines of statutory interpretation held:

> None of the five enumerated exceptions apply to the case at bar. Under the doctrine of espressio unius est exclusion alterius, confirmed appraisal awards are therefore subject to the prejudgment interest provisions of section 549.09.

*Jacobsen Aff. Ex. 13.*

This case is on all fours with *David A. Brooks*, *Charleswood Association*, *Townhomes of Kensington, Featherstone Ridge, Southcross Village, Timberton Condominium Association*, *Cottage Heights, Stauber,* and *Halla Nursery.* In this case, American Family alleged that the proposed replacement materials were comparable to the existing materials. The appraisal panel disagreed and awarded Eden $341,914.00 to make repairs with comparable materials. Eden has labored since August of 2013 to receive the amount it was owed. In the past year, American Family improperly withheld money from Eden to its benefit and to Eden's detriment. Under these circumstances, "it would be manifestly unfair to permit the insurance company to dispute a claim and leave the property owners the full burden of loss of the money until the award is approved." *David A. Brooks*, 370 N.W.2d at 435-36.

The amount of pre-award interest awarded to Eden should be measured from the date of the loss through the date of the appraisal award. *See* Minn. Stat. §549.09, subd. 1(b) (interest calculated from earliest of written notice of claim or commencement of action). Eden immediately notified American Family of the storm damage to the Property. Thus, the Court

8

should calculate pre-award interest from August 8, 2013 through the date of the appraisal award on July 15, 2015. Because the appraisal award exceeds $50,000, the Court must calculate interest at a rate of 10 percent per annum. Minn. Stat. §549.09, subd. 1(c)(2) (interest rate on awards in excess of $50,000 calculated at 10% per annum).

For the foregoing reasons, Eden respectfully asks the Court to award it pre-award interest in the amount of $66,321.95, calculated as follows:

- $341,914.00 award x 10% = $34,191.40 interest per annum.
- Interest for August 8, 2013 to August 7, 2014: **$34,191.40**
- Interest from August 7, 2014 to July 15, 2015: **$32,130.55** ($34,191.40 per annum / 365 days x 343 days).

**TOTAL: $66,321.95 ($34,191.40 + 32,130.55)**

### III.   EDEN IS ENTITLED TO RECOVER COSTS AND DISBURSEMENTS.

Eden also requests an award of its claims for costs and disbursements as the prevailing party pursuant to Minn. Stat. §§ 549.02 and .04 against American Family, including without limitation its right to statutory costs, filing fees, and other reasonable costs and disbursements. Eden is the "prevailing party" in this matter because it prevailed at appraisal and obtained an award of nearly $350,000 when American Family had valued the loss at $0.00. Accordingly, the Court should allow Eden to recover its costs and disbursements incurred connection with the appraisal hearing and in bringing this action to enforce its rights under the Policy.

### **CONCLUSION**

Eden is entitled to a confirmation of the appraisal panel award issued on July 15, 2015 pursuant to Minn. Stat. § 572B.22. Eden is also entitled to pre-award interest pursuant to Minn.

9

Stat. § 549.09.  Eden is also entitled to costs and disbursements pursuant to Minn. Stat. §§ 549.02 and .04.  Therefore, Eden respectfully asks the Court to grant its Motion, confirm the July 15, 2015 appraisal award, award it pre-award interest, and award it costs and disbursements.

**ROEDER SMITH JADIN, PLLC**

Dated:  August 5, 2015

/s/ Finn S. Jacobsen
Anthony T. Smith (#313646)
Finn S. Jacobsen (#0395441)
7900 Xerxes Avenue, Suite 2020
Bloomington, MN 55437
Telephone:  (952) 236-1971
Facsimile:  (612) 235-7927
E-mail: asmith@rsjlawfirm.com
E-mail: fjacobsen@rsjlawfirm.com
Attorneys for Plaintiff